By the Court,
Wood, J.
The respondent’s counsel contends that inasmuch as an action at law lies upon the note, this bill must be dismissed. This we think does not follow. Though a suit at law may .be sustained upon a lost instrument, and the loss will excuse profert, yet it is well settled, that where discovery and relief are both sought, -,equity has concurrent jurisdiction with a court of law. Judge Story holds the case of a lost sealed instrument one of the %nost common for equity interposition ; and that one of the primary reasons -for exercising this jurisdiction is, that no other court can furnish the same remedy, with all the limitations which may be demanded for the purposes of justice, by granting relief only upon the terms of the party’s giving, when proper, a bond of indemnity, which courts of law can not require as a part of their judgment. 1 Story Eq. 97. There seems no necessity for the interference of equity now, upon the ground that courts of law will not excuse profert, because that rule has been so relaxed, as to admit an excuse for not making profert, in the place of profert although itdeprive the defendant of oyer, 3 Saund. 151, 3, note. Another reason why chancery interposes in such cases, -is to secure the defendant the benefit of the plaintiff’s oath to the fact of loss. 1 Johns. Ch. 417. True, the loss may now be proven at law as well as in equity. But the necessity of requiring indemnity is sufficient to give equity jurisdiction; and the efforts in courts of law to ■afford analogous relief, by requiring an offer to indemnify, is not 'deemed adequate to secure the obligor. 1 Story Eq. 98; 6 Ves. 812.
Again the defendant insists the claim is stale and barred by the *77 Ohio statute. We think otherwise. When Friend left Pennsylvania,, no cause of action had accrued, and neither Sook nor his administrator' are shown .to have been in Ohio, until 1829. Until then, the plaintiff, was “ beyond sea,” under the construction heretofore given to the statute of limitations in 1804, which was in force when this note matured. The statute had no effect on this contract until 1829, only eight years before the filing of the bill. But there is another reason-why the statute of limitations does not bar this recovery. In 1829, Friend not only acknowledged the debt, but promised to pay it.
We t'hink the plaintiff entitled to a decree for the amount of Manóte with interest, but as no legal demand appears to have been made upon the administrator before suit, the plaintiff must pay his own-costs.