Hitchcock, J.
This case is submitted without argument, so that we have nothing but the record itself to indicate the points intended to be raised by counsel. It appears from the pleadings, as well as by the bill of exceptions, that the note upon which the action was based, bears date on the 22d of January, 1830, and suit for the recovery of the money was not commenced until June, 1847, more than seventeen years from the date of the note. The note, however, was payable on demand, and there is nothing to show that any demand was made until 1847, and it might have been intended to raise the question whether upon such an instrument any cause of action could ac *12 crue until demand be made. Upon this point, we are aware that there have been contradictory decisions, but in our opinion a right of action exists in the payee of such note, upon its delivery, and that from the time of delivery the statute of limitations commences to run. 'From the record before us, however, it does not seem that any question of this nature was agitated in the Court below. Although other errors are assigned, I suppose the question intended to be raised is, whether the Court of Common Pleas violated the principles of law in refusing to instruct the jury as requested by the plaintiff in error, and in the instructions actually given.
The plaintiff below, to support his action, gave in evidence the note declared on, bearing date 22d January, 1830, and proved that the same was presented to the defendant below for payment in March, 1847, who then stated “ that the note was outlawed, that the debt was just, that he wished he was able to pay the note, and that the next fall he would try to procure a horse and some carriage, go east, and make payment of the note.” This was all the evidence in the case. The defendant below, then requested the Court to instruct the jury that “ if no acknowledgment of an' existing liability on said note, or promise to pay the same, was made by the. defendant until after the fifteen years had elapsed from the time the cause of action first accrued thereon, then an action on said note would be barred by the statute of limitations, at the expiration of fifteen years after an action first accrued thereon.” This instruction the Court refused to give, but did instruct the jury “ That the acknowledgment of an existing liability on said note, or promise to pay the same by the defendant, at any time after the period of fifteen years had elapsed from the time said note became due, would revive the same, and an action could be maintained thereon, at any time within fifteen years after such acknowledgment or promise, although such acknowledgment or promise was not made within fifteen years from the time such note became due, and an action first accrued thereon.”
The question is not whether the acknowledgment of a sub *13 sisting indebtedness upon a note, already barred by the statute of limitations, and a promise to pay the same, constitutes a contract which can be enforced, for of this we suppose there can be no doubt. Although a note may be barred by a statute of limitations, still a moral obligation rests upon the maker to pay, and this moral obligation would constitute a sufficient consideration for a new promise. But the question is, whether such an acknowledgment and promise revives and resuscitates the note, so as to give it life and vigor for an additional period of fifteen years, from the date of the acknowledgment or promise.
We have no doubt that the law as declared by the Court of Common Pleas, in this case, is in accordance with the decisions of the Courts of England, in giving construction to their statute of limitation, and if is equally in accordance with the .decisions of the Courts of many of our sister States.' These decisions originated in the idea of the courts that statutes of limitation were based upon the presumption that the debt barL red had been paid. If, then, the debtor, after the bar had taken effect, should acknowledge the existence of the debt, or should promise to pay the same, the supposed reason of the statute ceased, and upon this ground the courts held, that the case was taken out of the. statute, or, in other words, that the statute did not operate upon it, and would not, until the period limited had transpired subsequent to the acknowledgment or promise. Under these circumstances, courts were not unfrequently called upon to determine what did, and what did not take á case out of the statute. , These decisions, are perhaps not inconsistent with justice, as it must be admitted that an action may be maintained upon such subsequent acknowledgment and promise. Such being the case, it may be thought immaterial whether the suit is commenced upon the note itself, and sustained upon proof of the subsequent promise, or whether it be commenced upon the subsequent promise. Under our statute, however, suits upon simple contracts are barred in six years, while actions upon promissory notes are barred in fifteen years. The promise to pay a note which is *14 barred by the statute of limitations is a simple contract, at ’ least such was the fact in the case before the Court, and without this promise no suit could be maintained. This promise, as such simple contract, will be barred in six years from the time it was to have been performed. But if the English rule is adopted, this same promise will be binding upon the party making it for fifteen .years. Notwithstanding this, however, I should not be disposed to vary from this rule, unless a fair construction of our own statute of limitation requires it.
The act of 1831, for the limitation of actions, in its first section provides “ that actions upon the case, covenant and debt, founded upon a specialty, or any agreement, contract or promise in writing,” shall be brought within fifteen years after the cause of action accrued. The fifth section of the same act is as follows: “That in all actions founded upon contracts, either express or implied, where any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, within the time herein limited, such action may be commenced within the time herein before limited, after such payment, acknowledgment or promise.” Swan’s Stat. 555. In this section the law making power itself has undertaken to prescribe what acts shall have the effect to suspend the operation of the statute, or in other words, what acts shall operate to take a case out of the statute. One of these is an acknowledgment of the debt. Another is a promise to pay. But in order to have this effect, the General Assembly have said that the acknowledgment and the promise must be made within the time limited, that is, in the case of a promissory note within fifteen years after the cause of action accrued. It must be made before the original cause of action is barred. Such being the legislative declaration, can this Court with propriety say, that an acknowledgment and promise made after the cause of action was barred can have the same effect ? Had the Legislature been entirely silent upon the subject, we might, perhaps, have adopted the English *15 rule. But that body having acted upon the subject, having declared what shall take a case out of the operation of statute, the Court cannot with propriety disregard this lation, and permit other matters to produce the same effect.
True, the act of 1831, was not in force at the time the cause of action accrued upon the note in the case now before the Court. That note was made and fell due in 1830, and is to be governed by the limitation act of 1824. In this latter act, however, there is a provision, producing a similar effect. It is as follows: “ in all actions arising from contract, when any part of the principal or interest shall have been paid, or a demand made therefor, within the time herein limited, such action may be commenced within the time heretofore limited, after such payment or demand.” Ch. St. 1403.
The same course of reasoning may be adopted with respect to this statute, as to that of 1831. The only difference in the two is, that the act of 1824 assigns only two causes which shall operate to take a case out of its provisions, while that of 1831 assigns further and different causes.
It may be thought that by giving this construction to the statutes, we overrule a dictum of the Court in the case of Sooks Adm’r v. Friends Adm'r, 9 Ohio Rep. 78. But it is not so. That was a case in Chancery, to recover the amount of a single bill which had been made and was payable in 1807, and which was said to have been lost. The bill was executed in Pennsylvania, where both parties, at the time, resided. Before the bill matured, Friend, without the knowledge of Sooks, removed to Ohio. In 1829, Sooks discovered the place of residence of Friend, came to Ohio and demanded payment. Friend admitted the justice of the claim and promised payment. One ground of defence was, that the claim was stale and barred by the statute of limitations. The Court held that the act of limitations of 1804 must govern the case and that under that act the claim was not barred. Having so decided, the Judge giving the opinion of the Court adds, “ but there is another reason why the statute of limitations does not bar this recovery. In 1829 Friend not only acknowledged the debt but promised to pay it.” *16 This was proper in the case then under consideration. It was before a Court of Chancery, having jurisdiction of the subject and this subsequent acknowledgment and promise could well be inferred, had the original claim been barred, which it was not; and it must be remembered too, that the act then before the Court was the act of 1804, which is materially variant from those of 1824 and 1831.
Upon mature consideration we are of opinion that under the limitation laws of this State the acknowledgment and promise to pay a debt which is barred by the statute does not revive the original cause of action, but if a creditor would enforce collection, he must do it by suit on the subsequent promise. Such being the opinion of the Court, it follows that the Court of Common Pleas mistook the law in refusing the instructions requested by plaintiff in error, and also in the instructions actually given. The judgment is therefore reversed, and the case remanded for further proceedings. ■